UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RUDOLFO,<br><br>                              Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION d.b.a. COSTCO<br>WHOLESALE CORP. d.b.a. COSTCO;<br>MATTHEW HARDY; and DOES 1 TO<br>100, inclusive,<br><br>                              Defendants. | Case No.: 19-CV-2390 JLS (BLM)<br><br>**ORDER SUA SPONTE REMANDING ACTION** |

    This case began in State Court on April 8, 2019, when Plaintiff Maria Rudolfo, a citizen of the State of California, filed her original complaint against two defendants: Costco, a citizen of the State of Washington, and Matthew Hardy, a citizen of the State of California. Notice of Removal, ECF No. 1 at 2. On December 6, 2019, the Superior Court of California dismissed Mr. Hardy without prejudice. *Id.* On December 12, 2019, Defendant Costco Wholesale Corporation removed this action from the San Diego Superior Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *Id.* After reviewing Defendant's Notice of Removal, the Court concluded that jurisdiction may be lacking and, therefore, ordered Defendant to show cause why this action should not be remanded. Defendant has failed to respond.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) ("The court may—indeed must—remand an action sua sponte if it determines that it lacks subject matter jurisdiction.") (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). There are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. § 1441. Relevant to this case, under 28 U.S.C. § 1332, courts have diversity jurisdiction when the "matter in controversy exceeds . . . $75,000 . . . and is between . . . [¶] citizens of different States."

Defendant contends that the dismissal of Mr. Hardy created complete diversity between Costco and Ms. Rudolfo and, on that basis, removal is proper. Defendant is correct that complete diversity existed after Mr. Hardy's dismissal; however, removal in this case is not proper under the voluntary-involuntary rule. *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 656 (9th Cir. 1978). Under the voluntary-involuntary rule, "if a suit could not be filed in federal court at the time of its filing, then it must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119 (N.D. Cal. 2011) (quoting *California v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993)) (internal quotations and emphasis omitted). "More specifically, the 'conversion [of a nonremovable case] can only be accomplished by the voluntary amendment of [the] pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit'" by the plaintiff of the nondiverse defendant. *Busch v. Jakov Dulcich & Sons LLC*, No. 15-CV-00384-LHK, 2015 WL 3792898, at *4 (N.D. Cal. June 17, 2015) (quoting *Self*, 588 F.2d at 659).

Here, the dismissal of Defendant Hardy was not a voluntary act by Plaintiff and, therefore, the case is not removable. *See Graybill-Bundgard*, 793 F. Supp. 2d at 1119 (holding dismissal of the defendant that created complete diversity did not render the case

removable).  Defendant failed to respond to the Court's concerns with jurisdiction and has therefore failed to meet its burden of establishing that removal is proper.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").  For these reasons, the Court **REMANDS** this action to the Superior Court of the State of California, County of San Diego.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  January 28, 2020

Hon. Janis L. Sammartino
United States District Judge